UNITED STATED DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GERALD MURPHY, Individually and as
Administrator of the Estate of
MARIANNE MURPHY,
          Plaintiff,

v.

TOYOTA MOTOR SALES, U.S.A., INC.,
          Defendant.

CIVIL ACTION
NO.:

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

The sudden unintended acceleration of a defective 2010 Toyota Camry (the "Camry") on October 18, 2009 caused it to accelerate out of control and crash on Interstate Route 93 in Medford, MA, resulting in the death of Marianne Murphy and catastrophic personal injuries to her husband and survivor, Gerald Murphy.

The defects in the Toyota Camry and the dangers of sudden unintended acceleration in those vehicles were known to Toyota, prior to the crash, but neither fixed by it nor disclosed to the Murphys.

Gerald Murphy brings this claim for Toyota's breach of warranties, for providing a defective and inherently unsafe vehicle, for negligence in the design and manufacture of the vehicle, for the negligent failure to warn of the hazards of the vehicle, and for violations of Massachusetts General Laws Chapter 93A.

## JURISDICTION AND VENUE

1.     The Court has diversity jurisdiction of this action pursuant to 28 U.S. Code §1332 as the action is between citizens of different states and the amount sought to be recovered exceeds the value of $75,000.00, exclusive of interest and costs.

2.     This Court has personal jurisdiction over Toyota Motor Sales, U.S.A., Inc. ("Toyota").  Toyota directly and through its agents and dealers has engaged in continuous and systematic business activity in Massachusetts, including but not limited to the sale of Toyota motor vehicles in Massachusetts, and has derived substantial revenue from the sale of its vehicles and replacement parts in Massachusetts.

3.     Venue properly rests in the District of Massachusetts pursuant to 28 U.S. Code §1391(a) because the events giving rise to this claim, including the fatal accident of October 18, 2009, occurred in this district.

## PARTIES

4.     At all times material hereto Gerald and Marianne Murphy were individuals residing in Medford, Middlesex County, Commonwealth of Massachusetts, and at all times material hereto were husband and wife.  Gerald Murphy is the duly appointed administrator of the estate of Marianne Murphy.

5.     Defendant Toyota Motor Sales, U.S.A., Inc. ("Toyota") is a foreign corporation which transacts business in the Commonwealth of Massachusetts, derives substantial revenue from the sale of motor vehicles within the Commonwealth and has a registered agent within the Commonwealth.  This case arises out of tortuous injury caused by Toyota within the Commonwealth. Toyota manufactured and sold the 2010 Toyota Camry which is the subject of this complaint.

## FACTS COMMON TO ALL COUNTS

6.      Prior to October 18, 2009, Toyota knew that its vehicles, including the Camry, were reported by its consumers to be plagued by numerous events of sudden unintended acceleration, and knew that a substantial number of these reports were inconsistent with, and could not be explained by, operator error, pedal misapplication or an interference with the accelerator pedal by floor mats or other objects.

7.      Toyota was aware of the hazards of sudden unintended acceleration and aware that a Toyota subject to that phenomenon was unsafe and defective.

8.      On the evening of October 17, 2009, Gerald and Marianne Murphy and their children enjoyed a family outing to a local Halloween display in Southern New Hampshire.  At the end of the evening the Murphy family was returning to their home in Medford, Massachusetts.  The 2010 Camry was being operated at a lawful and reasonable speed, and in a lawful and reasonable manner, by Gerald Murphy.

9.      At approximately 12:15 a.m. on October 18, 2009, Gerald Murphy was traveling Southbound on Interstate Route 93, in Medford, MA, preparing to exit Route 93, and was only minutes from the Murphy home.

10.     As he began to move to the right-hand lane to prepare to take his exit he removed his foot from the accelerator.  The Camry, rather than slowing down, suddenly surged, accelerated, and picked up speed.

11.     In response to this sudden surge, Gerald Murphy stepped on the brake pedal in an attempt to control the vehicle.  Despite his application of the brakes, the vehicle continued to surge, struck the right-hand guardrail, veered across the highway,

out of control, striking the left-hand guardrail, and came to rest towards the right-hand side of the highway.

12.    The crash, caused by this sudden unintended acceleration, resulted from a defect in the Camry's design and manufacture, rendering it an unsafe and defective product, and was the cause of severe personal injuries to Gerald Murphy and severe personal injuries to and the death of Marianne Murphy, who expired several hours later as a result of those injuries.

13.    Prior to the crash, Toyota knew or should have known of the number of incidents, injuries and deaths resulting from sudden unintended acceleration in Toyotas. It failed to take appropriate action.

14.    Prior to the crash, Toyota knew or should have known of safer, feasible and cost-effective alternatives in design and manufacture to address those defects, but failed to take steps to eliminate the hazard.

15.    Prior to the crash, Toyota failed to adequately warn of the defects in and the dangers of the Camry.

16.    As a result of the crash, Gerald Murphy suffered the loss of his wife, suffered severe personal injuries resulting in hospitalization, substantial medical, surgical, hospital and pharmaceutical costs, has been disabled from his work and from his activities of daily living, has suffered emotionally, has lost income, endured great pain and suffering and has suffered substantial bodily impairment, which is likely to be permanent. Marianne Murphy endured great pain and suffering prior to her death, incurred substantial medical and hospital costs, and lost her life.

17.     The Camry was inherently unsafe and unfit for its intended use prior to and at the time of the crash.

18.     Toyota breached its warranty of fitness for the Camry's intended use and the warranty of merchantability, which constitutes a violation of Mass. Gen. Law. c. 93A.

19.     All of the loss and damage of Gerald and Marianne Murphy was the direct and proximate result of the defect in the Camry caused by Toyota's negligence, its breach of warranties and its negligent failure to warn.

### COUNT I – Wrongful Death
### Pursuant to Mass. Gen. Laws Ch. 229
### Estate of Marianne Murphy

20.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 19 as if fully set forth herein.

21.     The Defendant's actions constitute negligence pursuant to Mass. Gen. Laws Chapter 229, §2(1) and/or breach of warranty pursuant to Mass. Gen. Laws. Ch. 229 §2(5).

22.     Plaintiff is entitled to the fair monetary value of the loss of Marianne Murphy's reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and is entitled to be compensated for her reasonable funeral and burial expenses.

### COUNT II – Punitive Damages
### Estate of Marianne Murphy

23.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 22 as if fully set forth herein.

24.    Toyota's actions and inactions caused Marianne Murphy's death and were malicious, willful, wanton, reckless, or grossly negligent within the meaning of Massachusetts General Laws Ch. 229, §2(3).

25.    Plaintiff is entitled to an award of punitive damages against Toyota.

## COUNT III – Negligence
## Estate of Marianne Murphy

26.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 25 as if fully set forth herein.

27.    Defendant's negligence, including the negligent failure to warn, resulted in directly in Marianne Murphy's loss and damages, entitling Plaintiff to be compensated for such negligence.

## COUNT IV – Conscious Pain and Suffering
## Estate of Marianne Murphy

28.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 27 as if fully set forth herein.

29.    Prior to her death, Marianne Murphy endured great conscious pain and suffering, entitling Plaintiff, on behalf of Marianne Murphy's estate, to recover an award for such conscious pain and suffering.

## COUNT V
## Breach of Warranty of Merchantability
## and Fitness for Particular Purpose
## Estate of Marianne Murphy

30.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 29 as if fully set forth herein.

31.    Defendant, by its provision of a defective, inherently unsafe, vehicle, breached applicable warranties, including those of Merchantability and Fitness for a

Particular Purpose, entitling Plaintiff to recover in damages for such breaches of warranty.

## COUNT VI - Violation of Mass. Gen. Laws Ch. 93A
## Estate of Marianne Murphy

32.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 31 as if fully set forth herein.

33.     Defendant's breaches of warranty, pursuant to Massachusetts law, constitute a violation of Massachusetts General Laws Chapter 93A.

34.     Plaintiff has, pursuant to Chapter 93A, made proper written demand on Toyota which failed to make adequate response to such demand.

35.     Defendant's violations of Massachusetts General Laws Chapter 93A entitle Plaintiff to an award of damages for such violation, such award to be trebled, and for an award of reasonable attorney's fees.

## COUNT VII – Negligence - Gerald Murphy

36.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 35 as if fully set forth herein.

37.     Defendant's negligent acts entitle Gerald Murphy to recover for all his loss and damage resulting from said negligence, including, but not limited to the Defendant's negligent failure to warn of the defects of the vehicle.

## COUNT VIII – Breach of Warranty - Gerald Murphy

38.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 37 as if fully set forth herein.

39.     Defendant, by its provision of a defective and inherently unsafe vehicle, breached all applicable warranties, including those of merchantability and fitness for particular purpose.

40.     Gerald Murphy is entitled to an award of damages for Defendant's breach of warranties.

### COUNT IX – Violation of Mass. Gen. Laws Ch. 93A - Gerald Murphy

41.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 40 as if fully set forth herein.

42.     Defendant Toyota by its breach of the warranty of merchantability in the provision of a defective and inherently unsafe vehicle violated Massachusetts General Laws Chapter 93A.

43.     Plaintiff has, pursuant to Chapter 93A, made proper written demand on Toyota which failed to make adequate response to such demand.

44.     Gerald Murphy is entitled to an award of damages for Defendant's violation of Chapter 93A, such award to be trebled, plus an award of his reasonable attorney's fees, costs and interest.

WHEREFORE, Plaintiff demands judgment enter in his favor on each count of this Complaint and that he be awarded damages sufficient to compensate him and the Estate of Marianne Murphy for their loss and damages, together with interest, costs and reasonable attorney's fees, that he be awarded damages pursuant to Massachusetts General Laws Chapter 93A on Counts VI and IX, that amount to be trebled, plus reasonable attorney's fees, and that he be awarded punitive damages against Toyota

pursuant to Count II, and for such other and further relief as this Court deems meet and

just.

       THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

                          The Plaintiff,
                          GERALD MURPHY, Individually
                          and as Administrator of the
                          Estate of MARIANNE MURPHY.
                          By his attorneys,

                          _/s/ Patrick T. Jones_____
                          Patrick T. Jones (BBO# 253960)
                          Peter J. Schneider (BBO# 446520)
                          COOLEY MANION JONES LLP
                          21 Custom House Street
                          Boston, MA  02110
                          Tel: 617-737-3100
                          Fax: 617-737-3113

DATED:  February 26, 2010